# LEEDS MORELLI & BROWN, P.C.

Reply to:
One Old Country Road
Suite 347
Carle Place, NY 11514
Tel  (516) 873-9550
Fax  (516) 747-5024
www.lmblaw.com

_____*Attorneys at Law*_____

November 18, 2011

<u>VIA ECF</u>

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722-9014

        Re:    <u>Posillico v. Greenwald, et. al</u>.
                  10-CV-0064 (LDW)(AKT)

Dear Magistrate Judge Tomlinson:

      This office represents the Plaintiff, Tino Posillico, in the above-referenced civil action. Plaintiff submits this letter motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) because of Defendants' failure to obey this Court's September 30, 2011 discovery order. Additionally, as the subject matter of this motion relates to Plaintiff's evidence, Plaintiff respectfully requests that the deadline for the submission of the joint pretrial order, which is currently today, be adjourned pending an order on the instant application.[1]

<u>Failure to Comply</u>

      On January 6, 2011, Plaintiff moved to compel Defendants respond to discovery demands. Defendants opposed the motion. On September 30, 2011, Your Honor issued an order. Plaintiff's second demand was for promotion dossiers from 2000-2006 which Defendants claimed no longer exist. Your Honor ruled that:

> The Court finds a blanket statement that no one has such documents or copies of the same to be dubious. If, after the additional inquiry and searches, defendants still contend that no

---

[1] Plaintiff has only recently been able to complete the review of the nearly 1800 documents provided by Defendants' October 14th supplemental document response, thus the reason this application is made at this time. Additionally, Defendants do not oppose that portion of this motion requesting an adjournment of the deadline to file the joint pretrial order.

1

> such documents exist, the defendants are required to provide an affidavit(s) from those responsible for conducting the search attesting to (a) how the search was conducted; (b) what the results were; and (c) if no documents are found, an explanation of what happened to those documents and when.

Ex. A ¶ 3.

On October 14, 2011, Defendants produced only three additional dossiers for this six year period. On October 21, 2011, Defendants submitted the affidavit of Melissa Frisina in connection with their response to demand number two. Ms. Frisina states that despite eight relevant dossiers, only three were provided to Plaintiff. Ex. B ¶¶ 3-4. As to the five unproduced dossiers, Frisina merely states, "I confirmed that the college does not have copies of any promotion dossiers for the identified time period." However, Frisina does not explain "how the search was conducted" and/or explain "what happened to those documents and when," as required by Your Honor's order.

Similarly, Your Honor directed that Defendants produce "notes and/or minutes taken by the chair of the [promotions] committee or committee members or forms used. . . ." Ex. A. ¶ 4. If no documents were found, Defendants were to file an affidavit with the Court explaining, *inter alia*, "what happened to those documents and when." Id. Although Defendants provided to Plaintiff an affidavit from Agnes Kalemaris, it was not filed with the Court and it does not explain what happened to the documents and when. Ex. C.

Additionally, Your Honor ordered:

> Defendants are directed to provide the minutes of the promotion committee meetings of the School of Business and the Criminal Justice Department of the School of Liberal Arts and Sciences for the period commencing January 1, 2004 and running through 2007. Defendants are further to produce the list of committee members of these units for the above time period. These materials are to be produced within 15 days of the entry of this Order.

Defendants have not provided a response to this order. See Ex. D.

Accordingly, Plaintiff respectfully requests the Court impose sanctions as provided by FED. R. CIV. P. 37(b)(2)(A)(i)-(vii), including but not limited to: allowing Plaintiff to establish at trial Defendants' discovery misconduct and to request an appropriate instruction as to the permissible adverse inferences that the triers of fact may draw from this proof and for attorneys fees for the expenses associated with bringing the January 6th and the instant applications.

E-mail Review

In regard to e-mails sought by Plaintiff, Your Honor ordered that, "plaintiff's counsel is free to take up the offer of defendants' counsel to review e-mails for all of the defendants at the defendants' offices where counsel is willing to make the emails available for inspection." Ex. A

¶ 7. Outside the context of this litigation, Plaintiff made a FOIL request to review the e-mails at issue. As explained by Defendants' Counsel, the scope of what need be produced pursuant to a FOIL request is not the same as what may be considered discoverable material in a federal lawsuit. Therefore, some e-mails which may discoverable through this litigation were not produced for the FOIL review. As Defendants indicated in their opposition, they have made e-mails available for our review. However, as a condition of the review, Defendants permitted only Plaintiff's counsel to conduct the review; Plaintiff may not be in the room. Plaintiff respectfully requests an order allowing Plaintiff to participate in the e-mail review to save legal fees and to utilize Plaintiff's knowledge of the subject matter.[2]

      Thank you for your attention to this matter.

                                            Respectfully submitted,

                                            _____/s/_____
                                            RICK OSTROVE

cc:    John Belford, IV, Esq. (via ECF)
        Mr. Tino Posillico (via email)

---

[2] Plaintiff only seeks to review those emails not reviewed in the FOIL request.