UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TINO POSILLICO,

                Plaintiff,

                -against-

LORRAINE GREENWALD, EILEEN
EICHLER, MARJANEH ISSAPOUR,
BARRY JOHN CAPELLA, AGNES
KALEMARIS, W. HUBERT KEEN, and
KEVIN ROONEY, individually and in their
official capacities and as aiders and abetters,

                Defendants.
----------------------------------------------------------X

<u>MEMORANDUM AND ORDER</u>

CV 10-64

(Wexler, J.)

FILED
IN CLERK'S
U.S. DISTRICT COURT E.D.N.Y

★ FEB 02 2012 ★

LONG ISLAND OFFICE

APPEARANCES:

    LEEDS MORELLI & BROWN, P.C.
    BY: RICK OSTROVE, ESQ.
    One Old Country Road, Suite 347
    Carle Place, New York 11514
    Attorneys for Plaintiff

    ERIC T. SCHNEIDERMAN
    ATTORNEY GENERAL, STATE OF NEW YORK
    BY: JOHN L. BELFORD, IV., ESQ.
    300 Motor Parkway, Suite 205
    Hauppauge, New York 11788
    Attorneys for Defendants

WEXLER, District Judge:

        Plaintiff Tino Posillico ("Plaintiff"), a tenured professor employed by the State University of New York ("SUNY") at Farmingdale, brings this action pursuant to 42 U.S.C. § 1983 and New York State law, asserting claims of quid pro quo sexual harassment and retaliation.

        Presently before the court is Defendants' motion for partial summary judgment pursuant

to Rule 56 of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff's claims arise out of allegations that he was subject to mistreatment because of a failed personal relationship with Defendant Lorraine Greenwald, a fellow professor ("Greenwald"). That relationship ended toward the end of 2002. In November of 2004, Posillico filed a complaint of discrimination with SUNY (the "2004 Complaint"). The 2004 complaint alleged that Posillico was sexually harassed by Greenwald since she became his supervisor in 2003.

The 2004 Complaint was resolved by way of a 2005 settlement agreement (the "2005 Settlement"). The 2005 Settlement provided for, inter alia, withdrawal of Plaintiff's complaint of discrimination and for full settlement of any and all claims arising out of the allegations of the 2004 Complaint. Plaintiff's term of employment was extended for a one year period and he was transferred to a different department at SUNY. Following expiration of the one year employment extension, Plaintiff was given leave to apply for re-appointment. Greenwald was specifically omitted from the list of individuals who would be deciding the re-appointment issue. Additionally, the 2005 Settlement set forth a detailed list of documents, generated between October of 2003 and November of 2004, that would not be considered in any re-appointment decision.

In 2005, Posillico began his position in the department provided for in the 2005 Settlement. In 2006, Plaintiff applied for, but was denied tenure. Posillico took the position that the denial of tenure was a result of Greenwald's continuing sexual discrimination. In 2007, Posillico applied directly to Defendant Keen, SUNY Farmingdale's President, for tenure. That application was also denied. Plaintiff applied for tenure each year that followed, and was finally

granted tenure as an Assistant Professor in 2010.

## DISCUSSION

I.   Standards of Summary Judgment

The standards for summary judgment are well settled. Rule 56(c) of the Federal Rules of Civil Procedure 56(c), states that summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party " 'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.' " Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002), quoting, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original).

II.   Disposition of the Motion

Defendants' motion raises several issues, some of which are conceded. Thus, Plaintiff

agrees to dismissal of his claim for breach of contract, as well as any claim for money damages asserted against the individual Defendants in their official capacities. Accordingly, the court grants the motion for summary judgment dismissing those claims.

The court denies the motion and reserves decision regarding the admissibility of evidence of conduct that occurred prior to the 2005 Settlement, as well as evidence as to claims that are otherwise time barred. Such conduct may be admissible for the very limited purpose of providing background information. The court will rule as to the admissibility of any particular testimony at trial, and will impose limits on such testimony as deemed appropriate at that time. The court rules similarly with respect to the issue of the personal involvement of any particular individual defendant. Such rulings will also be made at trial.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment dismissing any claim for breach of contract, or for damages alleged in connection with Defendants' official capacities is granted. The motion is, in all other respects, denied at this time. The denial of the motion is without prejudice to renewal with respect to some or all of the claims at the close of Plaintiff's case. Due to a change in the court's schedule, trial in this matter which was previously scheduled for February 21, 2012, is hereby re-scheduled for jury selection on February 27, 2012 at 9:00 A.M.

SO ORDERED.

/S/ LEONARD D. WEXLER
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       February 2, 2012